*82 The opinion of tbe Court was delivered by
DuNKiN, Ch.
The plaintiff’s fifth ground of appeal was not considered or determined, at the former hearing in this Court. The Chancellor, remarking that “ the principal object of the •bill was to set aside for fraud the mortgage of slaves, and, consequently, to exact an account of the transactions of C. W. Wells, as agent and manager for his mother,” dismissed the bill when he arrived at the conclusion that the transaction was valid, and bona fide. It was true that, for several years, 0. W. Wells had been the general agónt of his mother, but, on February 5, 1849, she had executed to him a mortgage of slaves, reciting, by way of consideration, her indebtedness to him in the sum of twenty-two hundred dollars for advances made by him in supplying provisions for her family, such as sugar, .coffee and salt, and his liability for cash advances; and on •July 16, 1850, she gave him a note for that amount bearing interest from the date of the mortgage (February 5, 1849).— Commenting on these transactions, the Chancellor remarks “this is a bill filed on behalf of volunteers claiming under Mary Wells, and not of creditors. If she were competent to cohtract it follows that, as against volunteers, she might account with her son upon any principles of adjustment she pleased.— Nothing hindered her, if it seemed right to her, to remit all charges on her side, and to pay her son twice over for his advances and liabilities on .her account. It is more safe and reasonable to suppose that, by some reckoning with her son, she became satisfied to secure to. him a debt of twenty-two hundred dollars, than to conclude that she was basely betrayed and cheated by her son,” &c. Upon this question of fraud an issue was directed to the jui*y, whose verdict concurs in the judgment of the Chancellor, and it is not sought in this appeal to disturb that verdict. The Chancellor had assumed that, in the transaction of February 5, 1849, “some reckoning” had taken place between the parties upon such principles of accounting as the mother thought proper, or that she had remitted all *83 charges on her side as she had a right to do and agreed to pay her son twice over for his advances, &c., on her account. All fraud in the transaction being negatived by the concurrent judgment of the Chancellor and the jury, we think the view presented by the Circuit decree of June, 1852, may he well sustained. But the agency of Charles W. Wells continued after these transactions, and until his decease in July, 1851.— From the time of executing the mortgage, February 5, 1849, until the decease of C. W. Wells, the plaintiff is entitled to an account of his transactions as agent of Mary Wells, deceased.
It is ordered and decreed that the Circuit decree of June, 1852, be in this respect reformed, and that it be referred to the Commissioner to take an account as herein before indicated. — • In all other respects the decrees of the Circuit Court are affirmed and the appeal dismissed.
Johnston, Dargan and Wardlaw, CC., concurred.

Decree reformed.